## PARKER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9792.

Circuit Court of Appeals, Ninth Circuit.

Aug. 20, 1941.

Adolphus E. Graupner and Louis Janin, both of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, S. Dee Hanson, and Carl Marold, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The proceeding is for a review of a decision of the Board of Tax Appeals. It involves an asserted transferee liability on the part of the petitioner, Parker, under the provisions of § 311(a) (1) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Acts, page 569.[1]

The case is a companion case to Tooley v. Commissioner, 9 Cir., 121 F.2d 350, decided June 10, 1941. The essential facts as found by the Board are as follows: For many years prior to March 1, 1934, James M. Botts was president of the American Marine Paint Company. Parker was vice-president. In 1922 Botts made a will containing a bequest to Parker, "as a mark of appreciation for his loyal and faithful service and friendship", of 20 percent of the stock of the company "which shall stand in my name upon the books of said corporation at the time of my death." On July 12, 1933, there were 1,980 shares of the capital stock of the company outstanding, of which 1,749 shares stood in the name of Botts and 204 shares in the name of C. M. Botts, his wife. Botts and his wife had contemplated placing their stock in a joint tenancy with right of survivorship. On the date last mentioned the two surrendered their certificates, and certificates bearing that date were issued for 1,958 shares to J. M. Botts and C. M. Botts "as joint tenants with right of survivor-

---

[1] The statute provides a summary method of enforcing "the liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax * * * imposed upon the taxpayer by this title". Subdivision (f) defines the term transferee as including "heir, legatee, devisee, and distributee."

ship". On March 1, 1934, Botts died testate.

Within a few days after his death his widow placed the certificates in the stock book marked "cancelled" and caused the 1958 shares to be issued to herself. On March 15, 1934, Mrs. Botts filed a joint income return of herself and husband for the year 1933. The Commissioner later assessed against the estate of Botts deficiencies in income taxes for that year. One of these assessments in an amount exceeding $16,000 remains unpaid. Notice of the deficiency was given to Parker and others as transferees of the estate of James M. Botts, asserting transferee liability.

The Board found Parker liable as a transferee on the basis of the following circumstances: In April, 1934, the will of James M. Botts, containing the bequest aforesaid, was filed for probate in the superior court of California and an executor was appointed. In the original inventory of the estate property in the hands of the executor was appraised at less than $2,000, the stock in the Paint Company not being included. In 1936 an amended inventory was filed which included 1,749 shares which had been issued to Botts and his wife as joint tenants. The shares were appraised at a valuation in excess of $100 each. In the final account these shares were charged to the executor, and thereafter, on August 4, 1936, the superior court ordered final distribution of the estate, the decree providing for distribution to Parker of 390.5 shares and to the widow 1,358.5 shares. Parker formally acknowledged receipt of these shares. Two days after the entry of the decree of distribution the shares were divided in this manner: The certificates theretofore held by the widow were surrendered and new certificates issued to her and to Parker for the respective amounts specified in the decree. On the stub of the certificates which Mrs. Botts had caused to be issued to herself upon the death of her husband appears the notation "cancelled—issued by mistake".

Long prior to Botts' death Parker had been informed that he would receive 20 percent of the company's stock when Botts died. At the time the shares were issued to Botts and his wife as joint tenants the two informed Parker that he would still receive his 20 percent. After Botts died his widow told Parker that her husband's wish would be carried out.

In Tooley v. Commissioner, supra, we determined that Mrs. Botts was not liable as a transferee of the stock, holding that under the California law she took as survivor of the joint tenancy, not as a transferee of her deceased co-tenant; and that since the California court, acting in probate, had authority to distribute only such title as existed in the decedent, its decree purporting to distribute the stock was not, as the Board of Tax Appeals supposed, an adjudication of the title. Further, that the distributees might show in a collateral proceeding that in fact the estate had no title. The ground covered in that decision need not be gone over again.

The burden was on the Commissioner to show transferee liability "at law or in equity"; and in respect of Parker such liability must be found, if at all, in his status as a distributee of the estate of the taxpayer, James M. Botts. It is not contended that there was any liability otherwise. Parker was not an heir of Botts and there was no showing that he received the stock in compromise of any claim under the latter's will. Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410, upon which the Commissioner relies, is not in point. Nor could he have taken pursuant to the will, for, as was held in the Tooley case, supra, Mrs. Botts' title to the whole number of shares had become vested as of the time of the creation of the joint tenancy, and no shares stood in the name of Botts at the time of his death. It necessarily follows that Parker received his stock as a gift from Mrs. Botts, not as a transferee of property of the taxpayer. Notwithstanding the formality of the decree of distribution, Parker was free to show the true source of the title.

Reversed.